| | |
|---|---|
| MICHAEL MATHEW ROE,<br><br>          Plaintiff,<br><br>   v.<br><br>DAVEY, et al.,<br><br>          Defendants. | Case No. 1:17-cv-01221-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 12, 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.    Background**

Plaintiff Jose Lopez Hernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On May 2, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendant Gutierez for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 12.) On May 11, 2018, Plaintiff notified the Court that he wished to proceed only on the cognizable claims against Defendant Gutierez and did not wish to file a first amended complaint. (ECF No. 13.)

///

1

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is currently housed at R. J. Donovan Correctional Facility in San Diego, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison in Corcoran, California. Plaintiff names the following defendants: (1) Warden Dave Davey; (2) Officer Gutierez; (3) Officer E. Moreno; (4) Sgt. Williamson; and (5) Officer J. Cano.

Plaintiff's complaint is disjointed and difficult to understand. As best as the Court can determine, Plaintiff alleges that he was on the yard on September 9, 2016, waiting to see the

doctor. Officer Cano walked over to Plaintiff and started yelling at him in front of other correctional officers. Officer Gutierez used excessive force and broke Plaintiff's hand. Plaintiff was tightly cuffed and the skin on his left wrist was cut. Officer Gutierez told Plaintiff to get down and prone out. He hit his alarm and Plaintiff heard him say that it was not a serious problem. It reportedly took 72 hours to take Plaintiff out to the hospital and his hand was broken all the way to the bone by the handcuff. Plaintiff further alleges that Officer Gutierez pressed on the handcuff and pushed Plaintiff's left hand up in the air with both of his hands. Plaintiff had the cuff on his wrist and it was hanging out of the food port. Officer Gutierez knew he broke Plaintiff's hand by pressing on the wrist. Plaintiff also alleges that he was left in the holding cell without anyone checking on his swollen left wrist. The handcuff was left on for four hours. When they came back, Plaintiff's hand was swollen with blood around the cuff. Plaintiff was in pain and his wrist was swollen, but they took him back to his building and put him in his cell. They told him that they would send a nurse, but that never happened. Plaintiff was yelling from the pain. His hand needed to be repaired by a doctor because of the injury.

## IV. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is short, but is difficult to understand. As discussed below, Plaintiff appears to state cognizable claims against Defendant Gutierez, but the remainder of Plaintiff's complaint is disjointed and unclear.

///

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Defendants Davey, Cano, Williamson and Moreno to any deprivation of his rights. Plaintiff may not simply refer to "they" or an unidentified "correctional officer." Instead, Plaintiff's complaint must link each individually named defendant to an alleged deprivation of his rights.

**C.     Supervisory Liability**

Insofar as Plaintiff is attempting to bring suit against Defendant Davey in his supervisory role as Warden, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a

repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link Defendant Davey either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights.

### D. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9–10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

At the pleading stage, Plaintiff has stated a cognizable excessive force claim against Defendant Gutierez based on allegations that Defendant Gutierez broke Plaintiff's left wrist.

### E. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

"deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

At the pleading stage, Plaintiff has stated a cognizable claim for deliberate indifference to serious medical needs against Defendant Gutierez based on allegations that Defendant Gutierez knew that he had broken Plaintiff's left wrist, but did not get him any medical treatment. However, Plaintiff has failed to link any other named defendant to this cause of action.

## V. Conclusion and Recommendation

Plaintiff's complaint states cognizable claims against Defendant Gutierez for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment, but fails to state any other cognizable claims.

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to randomly assign a District Judge to this action.

Further, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's complaint, filed September 12, 2017, (ECF No. 1), against Defendant Gutierez for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment; and

2. All other claims and Defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2018**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE