UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MATHEW ROE,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVEY, *et al.*,<br><br>  Defendants. | No. 1: 17-cv-01221-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 14) |

Plaintiff Michael Mathew Roe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 16, 2018, the assigned magistrate judge screened plaintiff's complaint under 28 U.S.C. § 1915A and found that it stated a cognizable claim against defendant Gutierez for use of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. (Doc. No. 14.) The magistrate judge recommended that all other claims and defendants be dismissed from this action based on plaintiff's failure to state claims upon which relief may be granted. (*Id.* at 6.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) Plaintiff filed his objections on July 2, 2018, which was after the deadline for the filing of objections. (Doc. No. 15.)

1

Although difficult to decipher, it appears that plaintiff objects to the findings and recommendations because he mistakenly believes that they recommend the dismissal of his entire action, despite the magistrate judge's finding that plaintiff's complaint stated cognizable claims against defendant Gutierez. (*See* Doc. No. 15.) In his objections, plaintiff also requests the appointment of counsel. (*Id*. at 3.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). At this early stage of litigation, the court cannot adequately assess the complexity of plaintiff's case to determine whether exceptional circumstances exist which would justify seeking counsel willing to represent plaintiff in this action on a *pro bono* basis. Accordingly, plaintiff's motion to appoint counsel (Doc. No. 15) is denied at this time, without prejudice to its renewal at a later stage of this litigation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case, including plaintiff's objections. Having carefully reviewed the entire file and plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. Plaintiff's motion for appointment of counsel (Doc. No. 15) is denied without prejudice to its renewal at a later stage of this litigation;

2. The findings and recommendations issued on May 16, 2018 (Doc. No. 14) are adopted in full;

/////

3. This action shall proceed on plaintiff's complaint, filed September 12, 2017 (Doc. No. 14) against defendant Gutierez for use of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment;

4. All other claims and defendants are dismissed from this action due to plaintiff's failure to state claims upon which relief may be granted; and

5. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 5, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE