UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MATHEW ROE,<br><br>    Plaintiff,<br><br>v.<br><br>DAVEY, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01221-DAD-BAM (PC)<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 90 DAYS<br><br>Hearing: **Settlement Conference**<br>Date: **March 19, 2019**<br>Time: **10:30 a.m.**<br>Judge: **Stanley A. Boone**<br>Courtroom: **9** |

Plaintiff Michael Mathew Roe ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Gutierez has answered the complaint. (ECF No. 23.)

Because it takes years to get to trial, the Court has identified this case as an appropriate case for post-screening ADR (Alternative Dispute Resolution), which is an effort to resolve such cases more expeditiously and less expensively. No claims, defenses, or objections shall be waived by the parties' participation. In appropriate cases, defense counsel from the California State Attorney General's Office has agreed to participate in these early settlements.

As set forth in the screening order, Plaintiff has stated a cognizable civil rights claim. But, stating a cognizable claim does not mean Plaintiff will prevail at trial. Thus, the Court stays this

action for a period of 90 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a settlement conference at the United States Courthouse in Fresno, California on **March 19, 2019, at 10:30 a.m.** The Court will issue the necessary transportation order in due course.

In issuing this order, there is a presumption that this case will proceed to a settlement conference.[1] However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this early settlement conference. A written notice to opt out must be filed within **thirty (30) days** of the date of the issuance of this order.

The parties shall each submit to Judge Boone a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is STAYED for 90 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but may engage in informal discovery to prepare for the settlement conference.
2. This case is set for a settlement conference before Magistrate Judge Stanley A. Boone on **March 19, 2019, at 10:30 a.m.**, at the United States Courthouse located at 2500 Tulare Street, Fresno, California.

---

[1] If the case does not settle, the Court will then lift the stay of its Discovery and Scheduling Order or issue one forthwith.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.
4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.
5. Defendants shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov**. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California, 93721, **"Attention: Magistrate Judge Stanley A. Boone."** The envelope shall be marked "Confidential Settlement Statement". Settlement statements shall arrive no later than **March 12, 2019**. Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u>. <u>See</u> Local Rule 270(d). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.
6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:
    a. A brief statement of the facts of the case.
    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

3

  e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

  f. <u>If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s), if applicable.</u>

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

8. If the defense counsel wishes to "opt- out" of this settlement for the reasons stated above, counsel must do so within **thirty (30) days** of this order by filing a "Notice of Opt-Out and Request to Vacate Settlement Conference."

9. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." <u>See</u> Local Rule 182(f).

10. A failure to follow these procedures may result in the imposition of sanctions by the court.

IT IS SO ORDERED.

 Dated: **January 7, 2019**     /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE